# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Keith Herron,<br>              Petitioner,<br>v.<br>Louis W. Winn,<br>              Respondent. | No. CV-13-00358-TUC-JGZ<br>**ORDER** |

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Eric J. Markovich that recommends denying Petitioner's Amended § 2241 Petition for Writ of Habeas Corpus on its merits. (Doc. 35.)

A review of the record reflects that the parties have not filed any objections to the Report and Recommendation and the time to file objections has expired. As such, the Court will not consider any objections or new evidence.

The Court has reviewed the record and concludes that Magistrate Judge Markovich's recommendation is not clearly erroneous. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

"The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a [certificate of appealability] in order to appeal the denial of a § 2241 petition." *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008). "Nor is there any other statutory basis for imposing a [certificate of appealability] requirement on legitimate § 2241

petitions. Although state prisoners proceeding under § 2241 must obtain a [certificate of appealability], *see* § 2253(c)(1)(A), there is no parallel requirement for federal prisoners." *Id.* Thus, because Petitioner is a federal prisoner bringing a legitimate § 2241 petition, a certificate of appealability is not required.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Magistrate Judge Markovich's Report and Recommendation (Doc. 35) is accepted and adopted;
2. Petitioner's Amended § 2241 Petition for Writ of Habeas Corpus (Doc. 6) is DENIED;
3. Petitioner's Motion for Temporary Injunction (Doc. 31) and Request for Status Conference (Doc. 32) are DENIED AS MOOT;
4. J.T. Shartle, Warden, shall be substituted as Respondent, in place of Louis W. Winn, Jr., pursuant to Rule 25, Fed. R. Civ. P., and Rule 43(c)(2) of the Fed. R. App. P.;
5. This case is dismissed with prejudice;
6. The Clerk of the Court shall enter judgment accordingly.

Dated this 25th day of September, 2015.

Jennifer G. Zipps
United States District Judge